## DAN SLAIN v. THE STATE.

### No. 1617.   Decided March 13, 1912.

#### 1.—Theft of Horse—Continuance—Depositions—Want of Diligence.

Where, upon trial of theft of a horse, there was a total lack of diligence to take the depositions of the absent witnesses of the defendant who resided in another State, there was no error in overruling a motion for continuance; besides, the absent testimony was not probably true.

#### 2.—Same—Circumstantial Evidence—Assumed Name.

Where, upon trial of theft of a horse, the testimony was circumstantial, but showed that defendant and others were always seen together and were finally found in possession of the alleged stolen horse, there was no error in showing that one of the parties with whom defendant acted went under an assumed name at a certain time and place, and to submit a charge on the law of principals, as it was immaterial which one of the parties actually committed the act of taking.

Appeal from the District Court of El Paso.   Tried below before the Hon. J. R. Harper.

Appeal from a conviction of theft of a horse; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*George Estes,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of horse theft and his punishment assessed at four years in the penitentiary.

This case was called for trial on the 5th day of June, 1911, at which time defendant filed his first application for a continuance, on account of the absence of some witnesses residing in New Mexico.

Appellant was arrested in February, prior, charged with this offense, and was indicted by the grand jury of El Paso County at the March term of court and was rearrested on the indictment on the 29th day of March, at which time, the record shows, he employed an attorney to represent him.   At the May term of District Court, on May 2, the cause was set down for hearing on June 5.   The first indictment had only one count charging ownership of the property in Lanier, and at the May term another indictment was returned, charging him with the same offense, but containing several counts, part of the counts charging ownership as charged in the original indictment, but an additional

count charging ownership in Patton, who was in actual possession of
the horses, while Lanier was the owner. The facts he states he expects
to prove by the absent witnesses, if true, were material to his defense;
however, the State contested the application on account of lack of dili-
gence. Although appellant had been arrested first in February under
a complaint charging him with the offense, and in March under an
indictment, and some ten days prior to the date of trial on the last
indictment, he had made no effort to secure their testimony in the
manner provided by statute. In his application for a continuance he
shows he knew the place of residence and postoffice address of each of
the witnesses named, yet he had made no effort to take their deposi-
tions or the depositions of either of them, nor is it alleged he had made
any effort to get them to attend court. They, residing in another
State, of course no process could be issued by the court to compel their
attendance, and the appellant should have made some effort to take
their depositions, or have made some showing that he endeavored to
secure their attendance. There being a total lack of diligence, the court
did not err in overruling the application. In addition, when the appel-
lant filed his motion for a new trial alleging the overruling of the
application for a continuance, as one of the grounds, the ·State filed a
contest and showed that Tom Elva, as to whom the defendant stated
he desired to secure the attendance of witnesses to prove that he had
traded for the horses alleged to have been stolen, had entered a plea
of guilty and confessed to being the thief. So in acting on the motion
for new trial, the court had positive testimony that if the witnesses
desired would testify as stated by appellant that Tom Elva had traded
for the horses, it was not in all probability true.

This was a case of circumstantial evidence and the State showed
that defendant and Tom and Joe Elva were at work on the Bell ranch
in November, 1910; that during the latter part of this month they all
left the Bell ranch together; that they were next seen in December at
Tularosa, New Mexico; at least, appellant and Tom Elva, who was
there going under the name of Thomas Roy; that all three of them
were next seen at Ysleta in El Paso County about Christmas, where
they were in camp; all three of them were seen at that point and at
El Paso several times. Witnesses testify that when they left Ysleta
they were next seen at Sierra Blanca together about the second or third
week in January; in leaving Sierra Blanca, they were seen in camp
at a point near where the horses were stolen. When they leave this
place they are next seen in February again on the Bell ranch in New
Mexico, where Joe Elva is found riding the black horse stolen, and
defendant and Tom Elva are found in camp with the other stolen horse.

Appellant objected to the testimony of two witnesses who testified
to seeing appellant and Tom Elva in Tullarosa in December, and that
Tom Elva was at that time going under the name of Thomas Roy.
This being a case of circumstantial evidence, the State had the right to
take up the trail of these gentlemen and show when and wherever they

were seen; after leaving the Bell ranch, they were together and when they finally wound up their peregrinations, they went back at the beginning point in possession of the stolen property. That in their travels they passed through Tullarosa, Ysleta, Sierra Blanca on to a camp within a few miles of where the horses were stolen, and that about the time they were in camp at this place, the horses disappeared, to reappear in their possession in New Mexico. And as they always appear to have been in each others company, there was no error in permitting it to be shown that one of them was passing under another name a part of the time, especially as appellant is shown to have been with him at the time. And under this state of facts it was proper for the court to charge the law applicable to principals, stating: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, if others are present, and knowing the unlawful intent, if any, aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act, such persons so aiding or encouraging or keeping watch, are principal offenders and may be prosecuted and convicted as such."

The circumstances would indicate that they were acting together in all their undertakings, and under such circumstances it would be immaterial which one actually did the act of stealing, if all were present, knowing the unlawful intent  The court charged the law as applicable to circumstantial evidence and presented every theory affirmatively raised by appellant's testimony.

No special charges were requested. We have discussed all the bills of exceptions reserved, and the court's charge presenting the case very favorably in the light of the evidence. The judgment is affirmed.

*Affirmed.*